UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60044-CIV-DIMITROULEAS/SNOW

KATHERINE DANIEL-RIVERA,

    Plaintiff,

vs.

EVERGLADES COLLEGE d/b/a
KEISER UNIVERSITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Detailed Verified Petition for an Award of Attorney's Fees and Costs (ECF No. 160), which was referred to United States Magistrate Judge, Lurana S. Snow, for a Report and Recommendation. The Motion is fully briefed and ripe for consideration.

This was an action brought under the Americans With Disabilities Act (ADA) and the Rehabilitation Act for discrimination based on a disability and fraudulent misrepresentation. The Plaintiff sought money damages as well as declaratory and injunctive relief. (ECF No. 1) The case proceeded to trial, and the jury found the Defendant liable for discrimination against the Plaintiff based on her disability, and awarded damages in the amount of $75,000.00. (ECF No. 137) Final judgment was entered in favor of the Plaintiff in this amount, and against the Plaintiff in connection with her claims for declaratory and injunctive relief. (ECF No. 140)

The Plaintiff now seeks attorneys' fees in the total amount of $502,637.50, based on the following: 354.90 hours of work by attorney Matthew W. Dietz at the rate of $415.00 per hour; 403.9 hours by attorney Lisa C. Goodman, at the rate of $235.00 per hour, and 775.1 hours by attorney Caroline Jackson at the rate of $325.00 per hour, as well as 64.8 hours of travel time for Ms.

Jackson at the rate of $162.50 per hour. The Plaintiff also requests a 25% enhancement (1.25 multiplier) based on exceptional results and superior quality of representation.

The Plaintiff is claiming costs in the total amount of $40,795.03, consisting of $475.00 in fees of the Clerk; $140.00 in fees for service of summons and subpoena; $9,962.35 in fees for transcripts; $3,071.75 in fees for printing; $80.00 in fees for witnesses; $2,032.68 in copying costs; $1,494.14 in compensation of interpreters, and $23,539.09 in other costs (experts, mediation, postage and travel). (ECF No. 160-1 at 81, 83)

The Defendant has posed numerous objections to the claimed fees and costs. First, the Defendant contends that the Plaintiff in not entitled to any costs because she made no effort to obtain Keiser's voluntary compliance prior to filing suit, received a nominal award in light of the relief sought, and rejected a settlement offer which included a substantial monetary amount as well as the Plaintiff's admission to the program from which she had been excluded. Alternatively, for the same reasons, the Defendant asserts that the claimed fees initially should be reduced by 75%, and further reduced by an additional 25-33% as the result of the duplication of work by multiple attorneys and for specific issues with the billing entries. Additionally, the Defendant objects to the hourly rates claimed by all three attorneys. According to the Defendant, a reasonable fee in this case would be between $85,000 and $93,750.00. The Defendant also contends that many of the Plaintiff's claimed costs are not taxable: expert witness fees, travel costs, mediation fees, *pro hac vice* fees and certain deposition costs.

## I. ANALYSIS

### A. Attorneys' Fees

#### 1. Entitlement to Fees

In any action or proceeding under the Rehabilitation Act, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b). The Supreme Court has held that in an action under Titles II and VII of the Civil Rights Act, "'a prevailing party should ordinarily recover an attorney's fee unless special circumstances

would render such an award unjust.'" Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 416-17 (1978) (quoting Newman v. Piggie Park Enterprises, 390 U.S. 400, 402 (1968)). The Eleventh Circuit has applied the reasoning of Christianburg to ADA cases, Bruce v. City of Gainseville, 177 F.3d 949, 951-52 (11th Cir. 1999), and likely will employ the same analysis to the Rehabilitation Act when faced with that issue.

The Defendant suggests that for purposes of fee and cost awards, there may be more than one prevailing party. The Supreme Court has held that a prevailing party is one who prevailed on "any significant issue in the litigation which achieved some of the benefit the parties sought in bringing suit." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92 (1989)(internal citations and quotations omitted). In most instances, the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d), and a party who has obtained some relief will be regarded as the prevailing party, even though he has not sustained all of his claims. Indeed, courts in this Circuit consistently have approved shifting costs even if the prevailing party obtains judgment on a fraction of the claims he has advanced. Head v. Medford, 62 F.3d 351, 355 (11th Cir. 1995); United States v. Mitchell, 580 F.2d 789, 793-94 (5th Cir. 1978); Doria v. Class Action Services, LLC, 261 F.R.D. 678, 682 (S.D. Fla., Aug. 17, 2009).

The Defendant argues that there need not be only one prevailing party, relying on James v. Wash Depot Holdings, Inc., 242 F.R.D. 645 (S.D. Fla., May 14, 2007), where the court stated, "Under the law governing attorney's fees and costs 'one party can be determined to be a prevailing party on one claim, while the opposing party prevails on another claim.'" Id. at 646 quoting Stewart v. Town of Zolfo Springs, 1998 WL 776848 at *1 (M.D. Fla. Sept. 16, 1998)(citing Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)). In James, the court awarded costs to parties on both sides of the litigation.

In Barber v. T.D. Williamson, Inc., 254 F.3d 1223 (10th Cir. 2001), the plaintiff in a Title VII case prevailed on only one of three claims, and was awarded nominal damages in the amount of $1.00. The trial judge did not make an explicit determination of which party had

3

prevailed, but did award costs to both parties.  The Tenth Circuit acknowledged that in cases where neither side clearly prevailed, where both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties, some courts have denied costs to both sides. Id. At 1234-35.  Nevertheless, the appellate court held that the plaintiff was the prevailing party, and that it was clear error for the judge to find, for purposes of Rule 54(d), that both parties had prevailed. Id. at 1234.

The Barber court explained that for purposes of that Rule, which refers to "*the* prevailing party, not "prevailing parties," only one party can prevail.  The Court pointed out that since the determination that one party has prevailed necessarily entails a determination that the other party lost.  Id. at 1235 n.7, citing Fed. Rule Civ. P. 54(d)(1); EEOC v. LB Foster Co., 123 F.3d 746, 750 (3rd Cir. 1997); Commonwealth v. Oil Ref. Co. V. EEOC, 713 F. Supp. 223, 227 (W.D. Tex. 1989).

In the instant case, Final Judgment for the Plaintiff was entered on her claim for damages, but her claims for declaratory and injunctive relief were not sustained.  Despite the fact that the plaintiff did not prevail on all of her claims, she clearly is the prevailing party for purposes of fees and costs awards.  Head; Mitchell; Barber.  The undersigned believes that this is not an appropriate case for the application of the decision in James, and concludes that the Plaintiff is the only party who may be entitled to an award of attorneys' fees and costs.  Barber.

The Defendant also argues that the Court should deny fees and costs to the Plaintiff because there are there special circumstances which would render an award unjust under Christianburg:  her failure to seek the Defendant's voluntary compliance prior to filing suit, her nominal success in light of the relief sought, and her rejection of a settlement offer which included a substantial monetary amount as well as the Plaintiff's admission to the program from which she had been excluded.  The Defendant has cited no cases holding that these facts militate against the grant of any fees in a case where the jury did award damages in an amount which, while

comparatively low, cannot be characterized as nominal. Accordingly, the undersigned finds that the Plaintiff is entitled to an award of attorneys' fees.

## 2. Amount of Fees

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 U.S. 424 (1983), which held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Id. at 433-34. Therefore, counsel for the prevailing party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. Norman, 836 F.2d at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. Id. at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to

value." Id. Moreover, where billing records are voluminous, "a district court may make a reasonable across the board reduction in hours instead of engaging in the pick and shovel work necessary to make a more precise determination." Kenny A. ex rel. Winn v. Perdue, 532 F.3d 1209, 1220 (11th Cir. 2008).

Once the lodestar amount is computed, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" Hensley, 461 U.S. at 434. Thus, where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount," even in instances where the plaintiff's claims were interrelated, nonfrivolous and raised in good faith. Id. at 436. In determining the fee to be awarded in such cases, "the most critical factor is the degree of success obtained." Id. The Hensely court declined to articulate a rule or formula to be applied, holding instead that the "district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Id. at 436-37.

In most instances, the district judge's exercise of discretion in awarding fees will not be disturbed. For example, in Popham v. City of Kennesaw, 820 F.2d 1570, 1581 (11th Cir. 1987), a § 1988 civil rights action, the court found no abuse of discretion for a fee reduction of 67% where the plaintiff recovered only 1.5% of his claimed damages. Similarly, in Martinez v. Hernando County Sheriff's Office, 579 Fed. Appx. 710, 715 (11th Cir. 2014), an FLSA case, the court held that attorneys' fees properly were reduced by 75% based on limited results. However, in Andrews v. United States, 122 F.3d 1367 (11th Cir. 1997), an action brought under the EAJA, the court reversed the trial's court's fee award, holding that the court abused its discretion by failing to make a sufficient reduction in the award because the plaintiff achieved a very limited result. While Hensley did not provide a formula to be applied in determining the proper reduction for limited success, the Court in Andrews stated that in a non-civil rights action, the best and perhaps the only measure of a party's success is their monetary damages award. Andrews, 122 F.3d at 1376.

a. Hourly rates

The Plaintiff attorney's request the following hourly rates: $415.00 for Matthew Dietz, $235.00 for Lisa Goodman and $325.00 for Caroline Jackson. The Defendant suggests that the appropriate rates would be $300.00 - $350.00 per hour for Mr. Dietz, $175.00 per hour for Ms. Goodman and $250.00 - $300.00 for Ms. Jackson. The Defendant notes that its attorneys, Barry Postman (practicing for 23 years and a board certified civil trial lawyer) and Justin Sorel (practicing for 11 years), both are partners in the law Firm of Cole, Scott and Kissane and billed at the rate of $205.00 per hour.

By the terms of the retainer agreement, the Plaintiff agreed to pay from the gross proceeds of recovery the greater of the fees awarded by the Court or the hourly fee of $415.00 for Mr. Dietz (the only hourly rate listed in the agreement). The payment of fees was contingent on the Plaintiff recovering monetary damages. This retainer agreement is the only one filed by the Plaintiff, and the undersigned infers that there were no separate agreements with the Plaintiff's other two attorneys. Indeed, Ms. Jackson states in her affidavit that the National Association of the Deaf, by whom she is employed, never charges clients for legal services nor asks them to cover the cost of litigation.

The instant Motion states that Mr. Dietz has been practicing law since 1996 and that he specializes in complex disability law issues. He has been awarded $350.00 per hour (his contract rate at the time) in three cases in this District. Ms. Goodman began her law practice in 2015 and has been involved in approximately 40 disability cases. Ms. Jackson is an attorney with the National Association of the Deaf and has been practicing since 2012. All of her practice is devoted to protecting the rights of the deaf and hard of hearing.

The undersigned finds that the hourly rates claimed by the Plaintiff's attorneys are somewhat higher than the range of rates charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation. The undersigned finds that the following hourly rates conform to the high end of the norm in this District: $375.00

for Mr. Dietz, $300.00 for Ms. Jackson and $200.00 for Ms. Goodman. Multiplying these rates times the hours expended yields $133,087.50 for Mr. Dietz, $80,780.00 for Ms. Goodman (excluding hours billed for travel) and $232,530.00 for Ms. Jackson, for a total of $446,397.50.

### b. Time Expended

Plaintiff's counsel have billed for 1,533.9 hours of attorney time. The filings in this Court were comparatively few. The attorneys filed a complaint (ECF No. 1), a motion for Ms. Jackson to appear *pro hac vice* (ECF No. 13), an unopposed motion for in camera review of certain emails (ECF No. 25), an unopposed motion for extension of time to complete depositions (ECF No. 35), a motion for summary judgment and reply memorandum (ECF No. 37, 63), a motion to exclude testimony and/or reports and reply memorandum (ECF No. 71, 75) and responses to motions filed by the Defendant for summary judgment, to exclude testimony and 7 motions *in limine* (ECF No. 96-102). Additionally, there were several depositions taken, as well as mediation and a six-day trial.

The Defendant has filed 121 pages of detailed objections to the billing entries made by the three attorneys for the Plaintiff, for reasons of duplication of time for multiple attorneys, time for internal communications, incomplete or vague time descriptions, billing for travel time, block billing and other miscellaneous objections. (ECF No. 165-5) The Defendant suggests that the Court reduce the claimed hours by 25 - 33%.

After a careful review of the record in this cause and the billing statements provided by counsel for the Plaintiff (ECF No. 160-1 - 160-3), the undersigned agrees with the Defendant that the time spent was excessive. Specifically, the Plaintiff has not satisfied the Court that two experienced attorneys, one of whom was required to travel to this District, as well as a first-year associate, were required to handle this litigation. As discussed earlier, where, as in this case, billing records are voluminous, the court may make a reasonable across the board reduction in hours. Kenny A. ex rel. Winn v. Perdue, 532 F.3d at 1220.

The undersigned notes that the hours expended by Mr. Dietz and Ms. Goodman, when combined, totals 758.8 and Ms. Jackson's hours total 775.1. Based on the duplication of efforts by

counsel and other instances of excessive billing, the undersigned finds that no more than 1074 hours of work could be deemed reasonable for this case, and no reimbursement should be made for Ms. Jackson's travel time. Therefore, the total of $446,397.50 (previously adjusted based on revised hourly rates) should be reduced by 30%, for a new total of $312,478.25.

### c. Adjustment for Results

The Defendant argues that an additional 75% reduction in the fees is warranted because the Plaintiff did not prevail on her claims for declaratory and injunctive relief, failed to seek relief from the Defendant prior to filing suit, and rejected a generous settlement offer. The undersigned finds that a lesser reduction of 50% for the results obtained is appropriate, making the fee award $156,239.12 (more than twice the damages awarded to the Plaintiff). Given the limited results achieved by counsel, no multiplier is warranted.

## B. Costs

The Plaintiffs seeks taxation costs in the total amount of $40,795.03, consisting of $475.00 in fees of the Clerk; $140.00 in fees for service of summons and subpoena; $9,962.35 in fees for transcripts; $3,071.75 in fees for printing; $80.00 in fees for witnesses; $2,032.68 in copying costs; $1,494.14 in compensation of interpreters, and $23,539.09 in other costs (experts, mediation, postage and travel). The Defendant asserts that many of the Plaintiff's claimed costs are not taxable: expert witness fees, travel costs, mediation fees, *pro hac vice* fees and certain deposition costs.

Pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920, the Court shall award costs to the prevailing party in a lawsuit. Rule 54(d) creates a presumption in favor of awarding costs, which the opposing party must overcome. Manor Healthcare Corp. v. Lomelo, 929 F.2d 633, 639 (11th Cir. 1991).

Taxable costs are identified in 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The decision to award costs is discretionary with the Court, but the Court may tax items specifically enumerated in § 1920, absent alternative contractual or statutory authority. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

### 1. Fees of the Clerk

The Plaintiff claims $475.00 for fees of the Clerk, consisting of the $400.00 filing fee, which clearly is taxable, and $75.00 in fees for Ms. Jackson's appearing *pro hac vice*. § 1920(1) does not explicitly cover the latter and that there is a split of authority on whether they are taxable.

The Defendant cites Osorio v. Dole Food Co., 2010 WL 3212065 at *3 (S.D. Fla. July 7, 2010) holding that the *pro hac vice* fees are an expense of counsel, not the client. The case relies on United States District Judge Kenneth Marra's opinion in Exhibit Icons, LLC v. XP Companies, LLC, 2009 WL 3877667 at *1 (S.D.Fla. Nov. 18, 2009), holding that "Plaintiff ought not to bear a cost resulting from Defendants choosing an out of state attorney to defend themselves when competent in-state attorneys were available." *See, also* Covington v. Arizona Beverage Co., 2011 WL 810592 at *3 (S.D.Fla. Jan. 25, 2011).

The Plaintiff has cited no cases on this issue, but the undersigned notes that decisions in other circuits have taxed to the losing party the fees associated with *pro hac vice* motions, particularly Craftsmen Limousine, Inc. v. Ford Motor Co., 579 F.3d 894, 898 (8th Cir. 2009) and Davis v. Puritan-Benefit Corp., 923 F. Supp. 179, 181 (D. Kan. 1996). The Eleventh Circuit has not issued a published opinion directly on point, but has, in an unpublished decision, affirmed a district

10

court's refusal to tax *pro hac vice* costs. Eagle Ins. v. Johnson, 162 F.3d 98 (11th Cir. 1998), affirming Eagle Ins. v. Johnson, 982 F. Supp. 1456 (M.D. Ala. 1997).

The undersigned finds to be persuasive the cases from trial courts within this Circuit holding that fees associated with *pro hac vice* applications are not recoverable, particularly where, as here, the Plaintiff was represented by competent counsel from within this district as well as by out-of-district counsel. The Court should decline to tax the $75.00 claimed by the Plaintiff for this costs, resulting in a total of reimbursable costs under § 1920(1) of $400.00.

## 2. Fees of the Court Reporter

The Plaintiff has claimed $9,962.35 in fees of the Court Reporter. The Defendant objects only to $20.00 for the condensed deposition transcript of the Plaintiff. Courts have held that some costs related to depositions are not taxable because they were incurred for the convenience of counsel. Klayman v. Freedom's Watch, Inc., 2008 WL 4194881 at *5-6 (S.D.Fla. Sept. 12, 2008) (expedited shipping, ASCII disks, e-transcripts, word index, condensed copy, CD-rom, real time hookup, additional DVDs and storage charges not recoverable); RGF Environmental Group v. Activ Tek Environmental Corp., 2010 WL 3269982 at *3 (S.D.Fla. July 21, 2010) (deposition exhibits, delivery charges, expedited fees, postage costs, condensed transcripts, ASCII disks and copies of transcripts not recoverable); Woods v. Deangelo Marine Exhaust Inc., 2010 WL 4116571 at *8 (S.D.Fla. Sept. 27, 2010) (court reporter charges related to the delivery of transcripts, handling of exhibits and CD copies not recoverable).

The undersigned finds persuasive those cases which have held that items such as condensed deposition transcripts are for the convenience of counsel. As noted, the Defendant objects only to the $20.00 charge for the condensed transcript, not to other items such as delivery charges. Therefore, the Plaintiff is entitled to $9,942.35 in fees of the court reporter.

## 3. Printing and Copying Costs

The Plaintiff has listed charges for in-house copies printed from computers under the category of "printing," and claims a total of $3,071.75. Charges for copies made in-house and by

11

one outside vendor are listed under "copying," and total $2,032.68. (ECF No. 160-1) The materials printed and copied in-house are described in sufficient detail for determination that they were made for use in the case, and a receipt for $20.18 was provided for the single vendor. In-house printing and copying was charged at $.25 per page. Id. at 88-93, 95-96, 128.

The Defendant objects to the in-house printing and copying charges because there are no receipts to document that copies actually were made. In Scelta v. Delicatessen Support Services, Inc., 203 F. Supp.2d 1328, 1340 (M.D.Fla. 2002), the Court noted that under 28U.S.C. § 1920(4) photocopying is compensable if it was necessarily obtained for use in the case. "In making this determination, 'the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers in issue.'" Id. at 1340, quoting E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000). The court further noted that the burden of establishing entitlement to copying costs lies with the prevailing party, citing Desisto College, Inc. V. Town of Howey-in-the Hills, 718 F.Supp. 906, 914 (M.D.Fla. 1989) (holding that the prevailing party must itemize photocopying costs to distinguish compensable copies from those made for the convenience of counsel).

The Scelta court held that billing records which merely list "copies" or "photocopies" without any description of the nature or purpose of the photocopying was insufficient. The court acknowledged that although an accounting for each photocopy was implausible, the prevailing party must make some attempt to differentiate recoverable copying costs from non-recoverable general photocopying expenses. Scelta, 203 F. Supp.2d at 1340, citing Fulton Fed. Savings & Loan Assoc. Of Atlanta v. American Ins. Co., 143 F.R.D. 292, 300 (N.D. Ga. 1991).  In the instant case, the Plaintiff has described the materials printed/copied with sufficient detail to satisfy the standards in Scelta, and the undersigned finds that no receipts or invoices for in-house printing and copying is required or even reasonable.  Therefore, the Plaintiff is entitled to the claimed costs of $3071.75 for printing and $2,032.68 for copying.

### 4. Other Costs

The Plaintiff is seeking $12,276.04 in expert witness fees, $938.13 in mediation costs, $9.26 for postage and $10,315.66 for travel expenses. Id. at 83. The Defendant correctly points out that none of these costs is taxable under § 1920, other than a witness fee of $40.00 per day for expert witnesses. The issue, then, is whether the Court should, in its discretion, award some or all of these costs as attorney expenses under the fee provision of the Rehabilitation Act. Jones v. Illinois Dept. of Rehabilitation Services, 689 F.2d 724, 731 (7th Cir. 1982).

The undersigned finds that the expert witness fees, mediation costs and postage should be awarded as reasonable and necessary expenses. However, Ms. Jackson's travel expenses should be excluded because the Plaintiff had competent and capable local attorneys. Although the Plaintiff was free to engage the services of out-of-town counsel, the Defendant should not be required to underwrite the costs of that attorney's travel, which totals $5,895.98. (ECF No. 160-1 at 104). Therefore, the Court should, in its discretion, award the Plaintiff $17,643.11 in attorney out-of-pocket expenses.

The Plaintiff also claims $140.00 for service of summons and subpoena, $80.00 in witness fees and $1,494.14 for compensation of interpreters, to which the Defendant does not object. These costs are taxable and should be awarded. Accordingly, the Plaintiff is entitled to a total cost award of $34,804.03 ($40,795.01 - $75.00 in *pro hac vice* fees - $20.00 for condensed transcript - $5,895.98 in attorney travel expenses).

### II. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Plaintiff's Detailed Verified Petition for an Award of Attorney's Fees and Costs (ECF No. 160) be GRANTED, in part, and that the Plaintiff be awarded attorneys' fees in the amount of $156,239.12 and costs in the amount of $34,804.03.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from a <u>de novo</u> determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. <u>See</u> 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Henley v. Johnson</u>, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 15th day of June, 2017.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record